PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARSHA GILFORD, | ) | |
| | ) | CASE NO. 4:21CV0091 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WESTLAKE PORTFOLIO | ) | |
| MANAGEMENT, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 2, 9, 12, and 13] |

**I. Background**

This is another *in forma pauperis* action filed by *Pro Se* Plaintiff Marsha Gilford. Plaintiff has filed four other substantially similar cases. *See Gilford v. Ohio Edison*, No. 5:21CV177, 2021 WL 2142690 (N.D. Ohio May 26, 2021) (Adams, J.) (case dismissed); *Gilford v. Dominion Energy Ohio*, 4:21CV176 (N.D. Ohio May 19, 2021) (Adams, J.) (same); *Gilford v. Armstrong*, No. 4:21CV175, 2021 WL 2000588 (N.D. Ohio May 19, 2021) (Adams, J.) (same); *Gilford v. Aqua Ohio, Inc.*, No. 4:21CV174, 2021 WL 1697889 (N.D. Ohio April 29, 2021) (same).

As in her prior cases, Plaintiff sues a service provider to whom she owes a debt – here, her vehicle loan holder Westlake Portfolio Management ("Westlake") and its CFO Paul Kerwin – on the basis that Kerwin did not respond to mailings she sent to Westlake. Plaintiff's mailings ostensibly seek to nullify her obligations on her bills with a $1.00 payment and meaningless, incomprehensible documents of her own creation. *See* ECF No. 1-3. The Complaint (ECF No.

(4:21CV0091)

1) is composed mostly of indecipherable rhetoric. It contains no factual allegations. Plaintiff states she is "requesting Default Judgment Due to Non-Response to any Mailed communication resulting in Agreement with all documentation that was sent via Certified Mail." ECF No. 1 at PageID #: 1. She seeks monetary relief (a "TOTAL of $2,353,317.06 Dollars in Lawful Money") for, *inter alia*, a violation of unspecified "Civil Rights" under 42 U.S.C. § 1983 and "fraud." ECF No. 1. at PageID #: 2.

Defendants filed a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (ECF No. 12).[1] Plaintiff responded with an "Official Judicial Notice Constitutional Challenge Affidavit in Support of Facts" and Motion for Summary Judgment (ECF No. 13).

The Court grants Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 2). For the reasons that follow, Defendants' Motion to Dismiss is granted, Plaintiff's Motion for Summary Judgment is denied, and this action is dismissed.

## II. Standard of Review

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state a claim upon which relief can be granted. To survive a dismissal under the Rule, a complaint "must present 'enough facts to state a claim to relief that is plausible on its face' " when its

---

[1] Defendants have not yet been served with the complaint. Federal district courts are required, under 28 U.S.C. § 1915(e)(2)(B), to screen and dismiss before service any *in forma pauperis* action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). Defendants filed the within Motion to Dismiss despite not having been served with process. Defendant's filing was premature and, now that screening has been completed, unnecessary.

(4:21CV0091)

factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although detailed allegations are not required, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, pleadings and documents filed by *pro se* litigants are "liberally construed" and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but *pro se* Plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf. See *Erwin v. Edwards*, 22 Fed.Appx 579, 580 (6th Cir. 2001).

### III. Analysis

Even under the liberal standard accorded *pro se* pleadings, the Complaint (ECF No. 1) does not set forth allegations sufficient to suggest Plaintiff has any plausible claim. The mostly incoherent statements and assertions set forth in her filings do not meet basic pleading requirements, are frivolous, and fail to suggest any valid basis for claims against Defendants for fraud or for a civil rights violation under § 1983 with respect to her bills. See *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

(4:21CV0091)

Furthermore, it is apparent from Plaintiff's filings that she is not seeking any real relief from her loan provider. Instead, she has opted to attempt to discharge her debt with gimmicks and fictitious documents that have no legal effect or enforceability. Contrary to her assertion, there are no magic words that can be uttered to cause a debt to disappear without recourse to Plaintiff. She is cautioned that if she continues to file frivolous lawsuits, the Court may impose sanctions including denying her Application to Proceed *in Forma Pauperis*, and prohibiting her from proceeding *in forma pauperis* in the future. The Court may also enjoin her from filing any new actions without first obtaining leave of court. *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

### IV. Conclusion

Accordingly,

Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 2) is granted;

Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (ECF No. 12) is granted;

Plaintiffs' Motion for Summary Judgment (ECF No. 13) is denied; and,

Plaintiff's Motion for Default Judgment (ECF No. 9) is denied as moot.

This case is dismissed with prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| May 28, 2021 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |